No. 20,165.

CLYDE WYATT, *Appellant*, v. MAMIE TANQUARY, *Appellee*.

SYLLABUS BY THE COURT.

AUTOMOBILE—*Collision with Bicycle—Injuries—Contributory Negligence
—Question for Jury*. The evidence on behalf of the plaintiff touch-
ing his alleged contributory negligence presented a question of fact
which he was entitled to have submitted to the jury, and it was error
to sustain a demurrer to such evidence.

Appeal from Montgomery district court; THOMAS J. FLAN-
NELLY, judge. Opinion filed November 10, 1917. Reversed.

*Hal H. Clark*, of Independence, for the appellant.

*T. H. Stanford*, of Independence, and *G. T. Stanford*, of New
York, N. Y., for the appellee.

The opinion of the court was delivered by

WEST, J.: This is an action brought by the plaintiff to re-
cover damages for injuries alleged to have been caused by the
wanton carelessness and negligence of the defendant's agent,
a boy fourteen years old, in driving her car, and in running
him down at the intersection of Eleventh and Myrtle streets,
in the city of Independence. The court sustained a demurrer
to the plaintiff's evidence, and hence this appeal.

Eleventh street runs north and south and is crossed at right
angles by Myrtle street, in the center of which is a street-car
track. City ordinances required motor vehicles to keep on the
right side of the highway, as near as possible to the curb line,
and forbade their turning to the left to enter an intersecting
highway before passing the center thereof. The testimony
showed that the plaintiff was riding a bicycle west on Myrtle
street about half way between the street-car track and the
south curb, while the car was approaching the intersection
from the south, each going about fifteen miles an hour, but not
speeding, the car being near or a little to the left of the center
of Eleventh street. As the plaintiff approached the west side
of Eleventh street the car came upon the intersection west of
the center of Eleventh street, and south of the center of Myrtle

street, veered to the left and struck the plaintiff when about twelve feet from the west curb of Eleventh street. The driver of the car sounded the alarm and had his foot on the clutch and brake, and testified that if he had not turned he would have hit the plaintiff.

While it is clear that each was on the wrong side of the street, and while there is no evidence of wantonness, the plaintiff testified that he passed the front of the car and had it kept in a straight line or in the same direction it was going he could have safely passed in front of it.

"I figured if the automobile come straight on I would miss it by going on straight while if I had slacked speed I thought they would run over me.

"Q. After you had concluded that, what did you do? A. I went on my western course and would have made it all right if the automobile had n't followed me up."

The driver of the car testified that as the plaintiff came into Myrtle street he was going west with his head right between the handlebars and did not look up. That the witness began to apply the brakes when about seventy-five feet south of Myrtle street.

"Q. Well, can you explain to the jury then, Donald, why it was necessary for you to turn the car to avoid running into him when you had fifty feet yet to go and he only twenty? A. Well, if I had gone straight on I would have hit him straight."

An eyewitness testified that he did not think there would have been an accident if the car had gone straight north to the center of Myrtle street, or that there was anything to prevent its so proceeding. He saw it was going to be a close call.

After testifying that he had no doubt he could have passed in front of the car safely had it continued straight north, the plaintiff on cross-examination answered that from the time he first saw the car he could have stopped his bicycle but did not; that he watched the car approaching all the time and heard the gong and continued on in his course. It is insisted that his own carelessness so contributed to the injury that as a matter of law he is precluded from recovery. While he may have been careless, it is clear that the fourteen-year-old boy who was driving the car was careless, and his turning to the left instead of going straight on seems to have been disastrous.

The circumstances shown by the record are such that as to contributory negligence a question of fact was presented which should have been submitted to the triers of fact, for reasonable men might well differ on that point.

Therefore, the order sustaining the demurrer to the plaintiff's evidence is reversed, and the cause remanded for further proceedings.

MARSHALL, J., not sitting.