No. 23,869.

LEWIS TUCKER, *Appellee*, v. W. D. LYONS, *Appellant*.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Collision—Auto and Horse-driven Cart—Judgment on Findings Properly Refused*. Findings of fact in an action by a father to recover damages resulting from an injury sustained by his minor daughter, in a collision between the defendant's automobile and a horse-driven cart in which the daughter was riding, considered, and *held*, judgment for the defendant on the findings was properly refused.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed July 8, 1922. Affirmed.

*George K. Melvin*, and *R. E. Melvin*, both of Lawrence, for the appellant.
*J. H. Mitchell*, and *A. B. Mitchell*, both of Lawrence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a father, to recover damages resulting from an injury sustained by his minor daughter, in a collision between the defendant's automobile and a horse-driven cart in which the daughter was riding. The plaintiff prevailed, and the defendant appeals.

The error assigned is that the court declined to render judgment for the defendant on the following special findings of fact returned by the jury, which tell the story of the accident:

"1. Q. What kind of an animal was Frances Tucker driving on the day and at the time of the accident, and how old was it? A. Four-year-old mare.

"2. Q. Was such animal (a) Dangerous to drive? A. No. (b) Being driven for the purpose of breaking? A. Yes. (c) Unmanageable when startled? A. No.

"3. Q. Did Frances Tucker drive said colt out upon the public highway with plaintiff's knowledge and consent? A. General consent.

"4. Q. Before he attempted to pass the colt and cart did defendant give signal of his intention to pass? A. Yes.

"5. Q. After the Tucker girl had notice of defendant's desire to pass, by his tooting horn, did they give any of the road? If so, how much? A. Not until after passing culvert, and gave half of beaten track.

"6. Q. As defendant tried to pass, did colt shy or turn, and throw one wheel of cart against fender of car? A. Don't know.

"7. Q. At time of accident was defendant's car entirely to the west of the beaten tracks of the road? A. No.

"8. Q. If you should answer question No. 7 in the negative, then state just where defendant's car was with reference to the beaten tracks of the road? A. On left beaten wheel track.

"9. Q. What was the width of the roadway where the accident happened? A. About 30 feet.

"10. Q. How far north of the culvert did the accident happen? A. About 20 feet.

"11. Q. Was the roadway where the accident happened fairly smooth so that the nature of the ground permitted turning out to allow car to pass? A. Yes.

.    .    .    .    .    .    .    .    .    .    .    .

"13. Q. If you should find the defendant, Mr. Lyons, guilty of any negligence, state fully what it was. A. By being too far to the right of the road.

"14. Q. At what rate of speed was defendant running his car: (a) When he drove onto the culvert? A. 12 to 15 miles. (b) At the time of the accident? A. 7 miles.

.    .    .    .    .    .    .    .    .    .    .    .

"21. Q. Was Frances Tucker in any way negligent? A. No.

.    .    .    .    .    .    .    .    .    .    .    .

"23. Q. Was Dorcas Tucker in any way negligent? A. No."

The evidence has not been abstracted, and is not before the court. The defendant, however, injects into his argument such portions of the evidence and such inferences from the evidence as he considers favorable to himself. The court does not have before it for review a motion to set aside findings, or to set aside the general verdict. It is simply a motion for judgment on special findings. Those findings are as conclusive on the defendant as the allegations of a petition to which a demurrer has been lodged, and the defendant is not authorized to discuss the testimony.

The statute reads as follows:

"Whenever any person traveling with any vehicle or conveyance on any road in this state shall overtake another vehicle or conveyance traveling in the same direction and shall by sound or call indicate to the driver thereof his or her desire to pass, it shall be the duty of the driver of the vehicle or conveyance in front, if the nature of the ground or the condition of his load will permit it, to promptly turn to the right of the center of the road and the driver of the vehicle or conveyance behind shall then turn to the left of the center of

the road and pass by without interfering or interrupting, and the driver of said vehicle or conveyance passing shall not return to the center of the road until at least thirty (30) feet ahead of the vehicle or conveyance passed." (Gen. Stat. 1915, § 507.)

The jury believed the driver of the cart should be excused from promptly turning to the right at signal of the defendant's horn, because of the nature of the ground. It was necessary to cross the culvert first. The driver then complied with the law. The defendant did not comply with the law. While he turned to the left, he did not turn far enough to the left to pass without interfering with the cart, although the nature of the ground was such that he might have done so.

The defendant makes the remarkable assertion that the 8th finding means the right wheel of the automobile was on the left wheel track of the road. If that had been true, the accident would not have happened. If the findings were ambiguous, they would be interpreted in a manner to uphold, and not to destroy, the general verdict; but findings eight and thirteen make perfectly clear the nature of the defendant's fault.

The defendant complains that his motion to make the petition more definite and certain was not sustained. He fails, however, to indicate that he was surprised or misled or prejudiced in any way, in making his defense.

The judgment of the district court is affirmed.