No. 24,183.

Samuel J. D. Marshall, *Appellee,* v. Charles H. Miller and Ed. P. Miller, partners under the firm name and style of Miller Brothers, *Appellants.*

SYLLABUS BY THE COURT.

Negligence—*Death of Minor Son—Action by Parent—Measure of Damages.* Under the statute authorizing a recovery for the benefit of the next of kin against one whose wrongful act has occasioned a death, the damages recovered by a father for the death of his minor son may include compensation for expenditures reasonably made for medical services and funeral expenses.

Appeal from Geary district court; Cassius M. Clark, judge. Opinion filed February 10, 1923. Affirmed.

*J. A. Brubacher, W. D. Jochems,* and *J. Wirth Sargent,* all of Wichita, for the appellants.

*L. B. Morris,* and *U. S. Weary,* both of Junction City, for the appellee.

The opinion of the court was delivered by

Mason, J.: A nine-year-old boy was run over by a delivery car of Miller Brothers, receiving fatal injuries. His father, Samuel J. D. Marshall, recovered a judgment against them on the ground that the accident was due to the negligence of their employee, and they appeal.

The jury were instructed that they might award damages, among other matters, for sums reasonably expended for medical services and funeral expenses, and the verdict and judgment presumably includes allowances for these items. The sole question presented is, whether the instruction was proper. The statute reads:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damage cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." (Civ. Code, § 419.)

The rule adopted by the trial court prevails in the greater number of jurisdictions where this matter has been passed upon. The cases are fully collected and classified in notes to the following text: "While under some decisions adhering to the strict rule that the sole measure of damages is the pecuniary loss occasioned by the destruction of life of the deceased person, there can be no recovery for medical or funeral expenses, the weight of authority is to the effect that recovery can be had for medical and funeral expenses which have been paid by the beneficiaries, or for which they are liable." (17 C. J. 1338-1340; see, also, 8 R. C. L. 830.) The recovery in such an action as this is, of course, based upon the loss suffered by the beneficiaries and not upon that which falls upon the decedent's estate; but to confine it, as some courts do, to the injury occasioned by the decedent "not being alive" is in our judgment to construe the statute too narrowly. If in the situation here presented the son's right of action against the defendant—which covered claims for medical services and perhaps for burial expenses (see note, 7 A. L. R. 1334)—survived to his administrator for the benefit of his estate, there would be better ground for denying liability on those items in the present proceeding for the benefit of the next of kin. But the operation of the statute which considered alone would permit such survival (Civ. Code, § 417) is held in this state, as in a number of others, to be limited by the Lord Campbell's Act to cases where the death of the injured person results from some other cause than the injury. (*Martin v. Railway Co.*, 58 Kan. 475, 49 Pac. 605; Note, L. R. A. 1915 E 1120.) Except for the statute here sued on, an administrator would have a right to recover for the benefit of the estate on account of medical expenses occasioned by a wrongful

injury to the decedent, although it resulted fatally. That right having been cut off in creating the one now sought to be enforced, there is the greater reason for favoring a construction allowing such a recovery in this action, which is in a way a substitute for the other. And the recovery can be extended to funeral expenses more readily than to medical services because the former are literally caused by the death. The argument sometimes suggested that the wrongdoer should not be held liable for funeral expenses, because they would have had to be paid sometime in any event and the tort merely accelerated the date of payment, does not apply, for the burden presumably would not have fallen on the father if it had been postponed until his son's majority.

We conclude that the items in question were proper elements of damage.

The judgment is affirmed.