No. 27,247.

THE HIATTVILLE STATE BANK, *Appellant,* v. D. D. LAND, A. M. ROUTH, GEORGE M. BOLLING et al., *Appellees.*

(263 Pac. 1073.)

SYLLABUS BY THE COURT.

NEW TRIAL—*Grounds—Trial Court's Disapproval of Verdict.* Where a verdict has been returned by a jury and a new trial is asked because of erroneous rulings of the court and that the verdict is contrary to the evidence, it is incumbent on the court to approve or disapprove the verdict, and where the court disapproves the verdict, holding that there were erroneous rulings, and that he is not satisfied with the verdict, the ruling granting a new trial cannot be regarded as an error.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed February 11, 1928. Affirmed.

*James G. Sheppard,* of Fort Scott, for the appellant.
*A. M. Keene,* of Fort Scott, for appellee A. M. Routh.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Hiattville State Bank brought this action against A. M. Routh and three other parties upon a promissory note given for $865. Although all the parties were served with summons, Routh alone defended. At a trial before a jury a verdict was returned in favor of plaintiff and against all of the defendants. Routh filed a motion for a new trial based upon all the statutory grounds, and this motion was allowed and a new trial granted. Plaintiff appeals from the order granting the new trial.

It appears that Routh and Land had been partners in a general merchandise business, a partnership which ended on June 18, 1918. On May 1, 1920, the original note in the transaction was executed by George M. Bolling and Alice Bolling, promising to pay $800 to Routh and D. D. Land on March 1, 1921. The note was transferred by Land to the plaintiff and applied on the payment of Land's personal indebtedness to the bank. Subsequently and on April 28, 1922, the note was renewed by the Bollings. Routh claimed and testified that the partnership had ceased long before the note was executed; that he owned a one-half interest in the note; that it had been indorsed

Appeal and Error, 4 C. J. p. 1131 n. 78. New Trial, 21 L. R. A. n. s. 853; 20 R. C. L. 271.

by Land to the bank and that Routh's name was signed to the indorsement without his consent. Routh insisted that Land had only pledged or transferred his half interest in the note to the bank; that he owned the other half of it, and he therefore asked for judgment upon his half. of the obligation. Conflicting testimony was offered as to the authority of Land to sign the name of Routh, and also as to the knowledge of Routh that Land had signed Routh's name to instruments. When the argument on the motion for a new trial was concluded the court said that "the motion is sustained because of the fact that the petition is wrong, and should have been amended, and because of the fact that the instructions were wrong, and because of these circumstances the court is not satisfied with the ver-- dict of the jury as to A. M. Routh." The verdict was approved as against the defendant Land and the Bollings, and judgment was entered accordingly.

It is contended first that there was nothing wrong with the petition, and it is also insisted that the instruction of the court was not erroneous and did not justify the granting of the new trial. The instruction in question follows:

"   .   .   .   On the other hand, if you find from the preponderance of the evidence that at the time the original note was discounted and purchased by said plaintiff bank that the defendant, A. M. Routh, agreed· and consented thereto and that it might apply the proceeds of said note upon the private indebtedness of said defendant, D. D. Land, and that the present note is a renewal of the original note, then your verdict should be for the plaintiff against all of the parties, for the amount now due upon said note, amounting to $891.48."

The action was brought upon the renewal note. It appears that the court thought the petition was defective, but in what respect . was not stated, or at least it is not shown in the record. The instruction was to the effect that if Routh consented that the bank might apply the proceeds of the original note upon the private indebtedness of Land to the bank, Routh would be liable thereon for the full amount of it. The court left out of the instruction the contested question whether Land was authorized to indorse the name of Routh upon the note. It is manifest from the record that the court was not satisfied with the verdict returned and therefore withheld its approval. In effect the court held that it had misjudged the issues and did not fairly present it to the jury, and also that it was not satisfied with the verdict returned. It was incumbent on the court to approve

or disapprove the verdict and a verdict cannot be allowed to stand and become the basis of a judgment unless it has the approval of the court. (*Butler v. Milner,* 101 Kan. 264, 166 Pac. 478, and cases cited.)

The verdict having been disapproved, the decision of the court granting a new trial is affirmed.