No. 29,186.

Roy Y. Stotts, as Administrator of the Estate of Ida M. Allen, Deceased, *Appellee,* v. John W. Taylor, *Appellant.*

(285 Pac. 571.)

Opinion filed March 8, 1930.

*A. L. Berger,* of Kansas City, for the appellant.

*Lee Weeks, Edwin S. McAnany, Maurice L. Alden* and *Thomas M. Van Cleave,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: Ida M. Allen was struck by a motor truck driven by an employee of J. W. Taylor, over the Golden Belt highway, and from the injury sustained she died almost instantly. Roy Y. Stotts, the administrator of her estate, brought this action against Taylor, charging that the injury to and death of Mrs. Allen was the

result of the negligence of the defendant. Defendant denied the allegations of negligence on his part and alleged that the injury and death of the deceased were due to her own negligence. The verdict of the jury was in favor of plaintiff, in which damages to the amount of $5,000 were awarded against the defendant, and from the judgment rendered thereon defendant appeals.

Among the facts, about which there can be little controversy, it appears that Ida M. Allen was a widow about forty-two years of age, and left surviving her three children, one eighteen years old and married, another fifteen years old, and still another eight years old. She was employed at a cement plant about one mile from Bonner Springs, which was her home, and she walked back and forth daily from the plant to the town over the Golden Belt highway. On the evening of March 22, 1927, she left the plant with many others and started west towards her home, walking on the south edge of the pavement, which was eighteen feet wide. The truck of defendant was coming from the west tooting a horn with the cut-out open making much noise and, it being daylight, the truck was plainly visible. Her attention was called to the coming truck by Mrs. Morris, who was walking by her side on the dirt path along the side of the slab while the deceased walked on the edge of the slab. Mrs. Allen made no response to the suggestion of Mrs. Morris, but could not help but see and hear the approaching truck, which was traveling at a rate which some of the witnesses put as low as twenty-five miles an hour, and others at a rate of thirty-five miles an hour, over the highway on which many pedestrians were walking at the time from the plant to their homes in Bonner Springs. It appears that a Dodge automobile carrying relatives of the deceased was traveling from Kansas City towards Bonner Springs and as they came near to Mrs. Allen, the horn was sounded and the car stopped on the north side of the pavement opposite Mrs. Allen, with a view of picking her up and taking her home in the Dodge car. Here the testimony is in dispute. Some testimony is to the effect that she turned and looked towards the Dodge car on the other side of the pavement, but did not start towards it. Others testified that she turned and took a step or two across the pavement when the coming truck was close to her, and which struck and killed her. The case must turn largely upon this testimony and was necessarily a question of fact for the jury. The plaintiff urges that deceased was standing upon the edge of the slab occupying about a foot of it; that she did not move across the pavement; that there was a space of nine

feet left between her position and that of the Dodge car, which had stopped to pick her up; that the driver of the truck, who admits that he saw the deceased, came on at an excessive rate of speed and in view of the great number of pedestrians traveling towards Bonner Springs, and the traffic on the road, with plenty of room to pass between Mrs. Allen and the Dodge car standing on the other side of the road, recklessly drove on and against her, while she was standing on the edge of the slab. The defendant contends that Mrs. Allen had been warned by her companion of the approach of the truck and gave no heed to the warning, that she did not step off the slab and thus care for her own safety, but on the other hand made a sudden turn and walked across the slab a few steps without looking up or down the road, stepping immediately in front of the truck when a collision was inescapable, and must therefore be held guilty of contributory negligence. The special findings on this proposition follow:

"1. Just before the accident were Mrs. Ida M. Allen, deceased, and Nora Morris, walking west in the path south of the slab highway? A. No.

"2. Did an automobile going west, stop and park on the slab highway nearly opposite Mrs. Ida M. Allen, deceased, and Nora Morris? A. Yes.

"3. At the place where this automobile was parked on the slab highway, did Mrs. Ida M. Allen, deceased, start toward the automobile that was parked on the highway? A. No.

"4. While Mrs. Ida M. Allen, deceased, was walking on the south side of the highway, was she in position, if she had looked, to see the truck eastward bound coming toward her? A. Yes.

"5. If Mrs. Ida M. Allen had looked, was there anything to obstruct her view from seeing the truck coming from the west, which struck her? A. No.

"6. If you answer the above question in the affirmative, state what, if anything, obstructed her view from seeing the truck coming towards her from the west. A. ——.

"7. Did Mrs. Nora Morris notify Mrs. Ida M. Allen, deceased, of the truck coming towards her, from the west, before she was struck? A. Yes.

"8. Did Mrs. Allen, deceased, pay any attention to Mrs. Morris' warning of the approaching truck from the west? A. Yes.

"9. Was the accident to Mrs. Ida M. Allen caused by her turning and starting to go towards the automobile which was parked on the highway? A. No."

Defendant insists that his demurrer to plaintiff's evidence should have been sustained and that at the close of all the testimony the findings should have been set aside and judgment entered for defendant upon his motions.

There were allegations in the petition to the effect that the driver of the truck was inexperienced, that his eyesight was defective, and

that the truck veered to the south of the slab just before it struck the deceased. No proof on these grounds was produced and the case was submitted upon the other grounds alleged. There appears to be evidence to support the findings and verdict of the jury, and conflicts in the evidence when settled by the triers of the facts are conclusive here. The evidence presented at least a fair question of fact that the driver of the truck drove it over the crowded highway and against Mrs. Allen when there was opportunity to avoid the collision. If the evidence of the plaintiff is accepted, there was ample room between the point where Mrs. Allen stood and the Dodge car on the other side of the road to safely pass her. If she was standing still on the edge of the pavement and there was room for him to pass and avoid striking her, it would in the absence of other conditions be a plain case of negligence on the part of the driver. The testimony of plaintiff was accredited by the jury and its findings and verdict have been approved by the trial court. The principal contention of defendant is that Mrs. Allen walked in front of the truck, and if that was an established fact she would have been guilty of contributory negligence. It is argued that she had her senses of sight and hearing, had warnings from her companion that the truck was approaching and could not have helped seeing it, if she had looked, and yet that she left a place of safety on the edge of the pavement and suddenly stepped into the path of the truck.

It is not contended that it was her duty to turn out on the untraveled part of the road, as defendant says that she left a place of safety and walked into a place of danger. It is conceded that pedestrians and drivers of vehicles have equal rights on the highway but, of course, each must use reasonable care under existing circumstances and exercise his right with due regard to the rights of others using the highway. There may be cases where the pedestrian should step out of the traveled part of the road for his own safety, but under the evidence of plaintiff the deceased was not obliged to leave it, as the pavement was wide enough to afford room for the truck to pass without touching her. In a case where a pedestrian was struck by an automobile, on a highway, it was said:

"And if the road (or the traveled portion) is so narrow that one or the other must get outside of it in order that the car may pass, doubtless this should be done by him who is on foot, because he can do it the more easily. But where the beaten track is wide enough for several vehicles to pass (as seems to have been the case here) there can be no hard and fast rule that pedestrians must get completely outside of the highway or of the traveled portion of it." (*Eames v. Clark,* 104 Kan. 65, 71, 177 Pac. 540. See, also, note 51 L. R. A., n. s., 992.)

Upon the evidence, the matter in dispute whether deceased exercised due care in the situation and the existing conditions or was guilty of contributory negligence, was a fair question for the determination of the jury. (*Wyatt v. Tanquary,* 101 Kan. 581, 168 Pac. 858; *Kelly v. Vucklich,* 111 Kan. 199, 206 Pac. 894; *Nicholas v. Wiles,* 126 Kan. 687, 271 Pac. 307; *O'Dowd v. Newnham,* 13 Ga. App. 220; *Towle v. Morse,* 103 Me. 250; *Stephenson v. Parton,* 89 Wash. 653; *Schock v. Cooling,* 175 Mich. 313; *Diamond v. Cowles,* 174 Fed. 571.)

There is complaint of the conduct of counsel for plaintiff in his argument to the jury and although not emphatically urged, is said to have been prejudicial. In closing his argument counsel for plaintiff said to the jury:

"I just want to say one other thing in conclusion. The $10,000 we have asked in this case is a pitiful thing for these children; $10,000 will never restore that mother, nor can the defendant, to these poor children, because a mother is more important than you or me to the rearing of a family and the loss to them is incalculable."

Objection was made by the defendant that the remarks are prejudicial where he says:

"A mother is more important to a family than the jury are or he is."

Counsel for plaintiff responded:

"Did I put it that way. . . . I say that the mother in the home of each of you men, and the mother in my home, is more important to the rearing of our children and to bringing them up as good citizens and good Christians, than any one of you or than me, and that every one of us could be missed from the home and would be glad to go from the home, if the mother could stay there to rear those children to manhood and womanhood."

Another objection was urged and counsel responded:

"It is said for the purpose of laying before you a truth that every man here who has the heart of a citizen and father, and the head of a family realizes is the truth."

The objections were overruled.

It is only necessary to say that we do not regard the remarks to be so out of the line of common understanding as to have affected the judgment of jurors or prejudicially tainted their verdict.

Some objections were made to testimony received and to instructions, but upon an examination of them we find nothing approaching error.

The judgment is affirmed.

JOCHEMS, J., dissenting.