No. 32,413

MATTIE STEPHENS HARRIS, *Appellee,* v. BERT J. COMBS, BEN MILLAR et al., *Appellants.*

(53 P. 2d 485)

Opinion filed January 25, 1936.

*Charles B. Hudson* and *Joe T. Rogers,* both of Wichita, for the appellants.

*William J. Wertz, Vincent F. Hiebsch* and *Forest V. McCalley,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries sustained in a collision of a taxicab and an automobile at a street intersection. Plaintiff recovered a judgment for $2,000, and the principal defendants have appealed.

Plaintiff was a passenger for hire in a taxicab owned and operated by Bert J. Combs and Ben H. Millar, doing business as the B. & B. Taxicab Company at Wichita, and driven by their employee, a Mr. Thomas. The cab was proceeding westward on Third street and approached the intersection of Waco avenue, a north-and-south through street. There is a stop sign on Third street where it intersects Waco avenue, and a city ordinance requires all vehicles traveling on Third street to stop before entering the intersection of that street and Waco avenue. As the cab neared the intersection an automobile on Waco avenue was approaching the intersection from the south. There is evidence to the effect that the driver of the

taxicab slowed down, but did not stop before entering the intersection, and drove into the intersection at a speed of not more than ten miles per hour, in front of the approaching automobile, which did not—perhaps could not—turn from its course in such a way as to prevent striking the taxicab. The automobile struck the taxicab on the left side near the rear fender. Plaintiff was injured. No question is raised as to the amount of the judgment if plaintiff is entitled to recover. The action was brought against the owners and operators of the taxicab and also against the operator of the automobile. The operators of the taxicab alone have appealed. They present here the single contention that the evidence shows no negligence on their part upon which liability could be based. The point is not well taken. The taxicab company, with respect to plaintiff, was a common carrier, and with respect to the duty it owes passengers is governed by the same rule as common carriers generally. (*Cross v. Chicago, R. I. & P. Rly. Co.*, 120 Kan. 58, 242 Pac. 469.) That duty required the taxicab company to exercise the utmost prudence and foresight to avoid injury to plaintiff. (*Railway Co. v. Brandon*, 77 Kan. 612, 95 Pac. 573.) No special questions were asked the jury, hence the general verdict in plaintiff's favor settled all controversies in the evidence against the taxicab company. There is a conflict in the evidence as to whether the driver of the taxicab stopped, or simply slowed down, before entering the intersection. Under the evidence the jury was entitled to believe, and perhaps did believe, that the driver of the taxicab did not stop. While the driver of the taxicab testified that he stopped before entering the intersection he also testified that he saw the automobile coming toward the intersection on Waco avenue and that he drove into the intersection in front of it and the collision occurred. This, in itself, was negligence. There was no failure of evidence of negligence of the taxicab company.

The judgment of the court below is affirmed.