No. 32,932

MARTIN BURKHOLDER, *Appellee,* v. J. T. COSAND, *Appellant.*

(58 P. 2d 53)

Opinion filed June 6, 1936.

*George Teeple,* of Mankato, *F. C. Norton* and *H. L. Smither,* both of Salina, for the appellant.

*Ralph H. Noah,* of Beloit, and *J. R. White,* of Mankato, for the appellee; *L. A. Willett,* of Beloit, of counsel.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money on account of plaintiff's being hit by an automobile. Judgment was for plaintiff. Defendant appeals.

The petition of plaintiff alleged that he was walking north along the east side of highway No. 28 in Jewell county and that defendant was operating an automobile northward along that highway. The petition then contained the following allegation:

"That the defendant then and there carelessly and negligently drove and managed said automobile in that he failed to sound his horn or give any signal of his approach and failed to slow down as he approached plaintiff, and wholly failed and willfully and wantonly neglected to turn aside or make a reasonable effort to avoid the plaintiff."

The petition then alleged that the defendant negligently struck the plaintiff with the front of his automobile, and set out the injuries of plaintiff.

The answer of defendant alleged that the injury of the plaintiff was caused by the negligence and want of ordinary care of plaintiff in that immediately preceding the injury plaintiff was riding as a guest on the running board of defendant's automobile, and that the plaintiff while riding upon the running board negligently held onto the door latch of defendant's automobile, twisting the door latch so as to release the door, and this caused plaintiff to fall upon the road.

Plaintiff testified that on the day in question he was walking along the east side of highway No. 28 going north; that he heard a car coming; did not look around; the next thing he knew something hit him and he didn't remember any more.

Gordon Wishart testified that on the day in question he was in the neighborhood of the accident in an automobile; that just before he drove onto highway No. 28 he saw a man walking along that highway going north; that he noticed a car coming just behind the man; that just as he noticed this his vision was obscured and when he came into highway No. 28 in a minute or two he looked toward the place where he had seen the man and saw a car standing and some folks standing out on the side of the road.

Mrs. Gordon Wishart testified to the same effect.

Will Modlin testified that plaintiff rode as far as the town of Otego with him and that he later saw plaintiff lying in the road at the place of the accident and that the wife of defendant and a young lady named Polly Shelton were with him; that plaintiff was unconscious at that time.

J. T. Cosand, the defendant, testified that he saw plaintiff when he was injured; that there was no other car except his in sight at the time the injury occurred. On cross-examination defendant

testified that just before the injury plaintiff was riding on the running board of the car on the right-hand side.

At the close of this evidence of plaintiff the defendant demurred to it for the reason it failed to show that there was any evidence whatever that the defendant drove his car into the plaintiff or in any way injured him, as alleged in plaintiff's petition. This demurrer was overruled, and the defendant rested. The defendant then filed a motion for the court to instruct the jury to render a verdict in his favor. This request was denied. The jury returned a verdict in favor of plaintiff and answered special questions, one of which is as follows:

"1. If you find for the plaintiff, what acts of negligence do you find were committed by defendant? A. Lack of proper warning."

The defendant moved the court for an order setting aside answers to special questions for the reason that they were contrary to the evidence and for judgment notwithstanding the general verdict and answers to special questions. This motion was overruled, whereupon the defendant filed a motion for a new trial, which was overruled.

The questions urged in this court are that the court erred in overruling the demurrer to the evidence of plaintiff and in overruling defendant's motion to set aside the verdict and answers to special questions and in overruling defendant's motion for a new trial.

The position of the defendant is that the sole question of law in the case is, Did defendant make a prima facie case, and are the findings of the jury sustained by the evidence? There can be no doubt that if defendant approached plaintiff from the rear while he was walking on a broad highway and drove his car into him, whether he warned him or not, he would be guilty of negligence. In this case the plaintiff testified that he was walking along the side of the road going in the direction that traffic would take. There is evidence that he was seen walking with a car approaching him from the rear and the car was later seen to be stopped and he was lying in the road. It is true that the answer of defendant alleged that plaintiff was riding on his running board, and defendant testified as part of plaintiff's case that plaintiff was riding on the running board. However, in considering a demurrer to the evidence the court should examine the evidence that is most favorable to the contentions of plaintiff and draw every reasonable inference from the facts and circumstances proven that can be drawn to sustain the position of

plaintiff. Here there was evidence that plaintiff was walking along the road and evidence that just before he was hit he was riding on the running board. Under such circumstances the question of which witnesses told the truth is one that should be submitted to the jury.

The petition alleged that defendant drove his car against plaintiff without warning. The plaintiff testified that he heard a car coming and the next minute he was hit. The jury found that the negligence of defendant was "lack of proper warning." There was sufficient evidence to warrant the jury in making such an answer. It was sustained by the evidence. The motion of defendant to set aside the answers to special questions was properly overruled.

The only ground urged for a new trial was that the verdict was in whole or in part contrary to the evidence. We have seen that this motion was not good.

The judgment of the trial court is affirmed.